**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2669-24

DWIGHT L. WRIGHT,

    Plaintiff-Appellant,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR THE REGISTERED HOLDERS
OF MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2007-HE7
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007 HE7,

    Defendant-Respondent.

_____

Submitted June 30, 2026 – Decided July 28, 2026

Before Judges Currier and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1453-24.

Dwight L. Wright, self-represented appellant.

Stradley Ronon Stevens & Young, LLP, attorneys for respondent (Christopher A. Reese, on the brief).

PER CURIAM

Plaintiff appeals from the trial court's March 14, 2025 order denying his motion for reconsideration of the trial court's grant of summary judgment in favor of defendant. We affirm.

I.

In 2007, plaintiff executed a Mortgage Agreement with plaintiff as borrower, Premier Bank as lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Premier Bank. Thereafter, in 2012, MERS assigned its rights to defendant.

In 2016, plaintiff entered into a Loan Modification Agreement with Ocwen Loan Servicing, LLC as servicer and defendant as Trustee. The Loan Modification Agreement changed the principal balance due under the Mortgage Agreement and extended the Maturity Date to July 1, 2037. The Agreement also included a "Balloon Payment Disclosure" section, which plaintiff signed and acknowledged, stating that an installment of $375,690.71 was due and payable on July 1, 2037.

According to the trial court's oral decision, after plaintiff defaulted on the loan, defendant filed a foreclosure complaint in January 2013. The court granted defendant summary judgment in 2014. Thereafter, plaintiff filed for bankruptcy.

2

During the proceedings, the bankruptcy court entered an order approving the Loan Modification Agreement.

In 2016, plaintiff sued defendant in federal court, alleging the same causes of action that were adjudicated in the 2013 foreclosure action. The federal court dismissed the complaint in 2019.

In 2021, plaintiff filed a second lawsuit against defendant to quiet title in the Superior Court in Salem County. The trial court granted defendant summary judgment and dismissed the complaint because the allegations were the same as those presented previously in federal court.

Three years later, plaintiff filed this complaint, challenging the balloon payment in the Loan Modification Agreement. Defendant filed an answer and raised the doctrine of res judicata as an affirmative defense.

The parties filed dueling summary judgment motions. On January 31, 2025, the trial court granted defendant summary judgment, finding the doctrine of res judicata prohibited plaintiff from challenging the terms of the Loan Modification Agreement, including the balloon payment term, because the bankruptcy court had approved the Loan Modification Agreement in 2016. Plaintiff's subsequent motion for reconsideration was denied.

A-2669-24

II.

On appeal, plaintiff contends the trial court erred in applying the doctrine of res judicata and improperly granted defendant summary judgment.

We review a summary judgment order de novo, applying the same standard as the trial court. Christakos v. Boyadjis, 262 N.J. 447, 462 (2026). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). A motion for summary judgment will be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (quoting R. 4:46-2(c)).

Issues of law are subject to the de novo standard of review, and the trial court's determination of such issues is accorded no deference. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

In granting defendant's motion for summary judgment, the trial court stated in its oral decision:

> Here, there were several previous actions involving the parties. One, defendant commenced a foreclosure action on January 22, 2013. . . .
>
> Two, plaintiff filed suit in the United States District Court of New Jersey Bankruptcy Court, on December 4, 2016. . . .
>
> And, three, plaintiff filed another lawsuit against defendant, on September 7, 2021, in the Superior Court of New Jersey, Law Division, in Salem County . . . .
>
> First, it is undisputed that all actions included privity between the same parties as all actions included Dwight Wright, the plaintiff here, and Deutsche Bank, defendant.
>
> Next, the [c]ourt must determine whether matters included the same claims and there was a fair opportunity to raise claims. All previous actions concerning claims relating to the validity of the note and mortgage between all previous actions concern claims related to the validity of the note and mortgage between the parties.
>
> In addition, the Salem County lawsuit involved the mortgage restructuring and result[ed] in [the] balloon payment. I would note that also, obviously, the Bankruptcy Court also addressed the loan modification and which addressed [sic] the balloon payment as to the Salem County lawsuit. . . .
>
> Finally, the [c]ourt must determine whether final judgment was issued by a [c]ourt of competent

jurisdiction. Here, the previous actions were litigated to conclusion in favor of defendant.

The Salem County lawsuit ended by order date of February 17, 2023[,] dismissing plaintiff's complaint with prejudice for reasons that include "plaintiff's allegations in this complaint are nearly identical to those complaints . . . filed by plaintiff in [f]ederal [c]ourt.["]

The [f]ederal [c]ourt claims were dismissed on the merits, thus "[s]ummary [j]udgment should be granted on plaintiff's claims in this action based on collateral estoppel and res judicata." . . .

. . . .

Although plaintiff asserts here that the balloon payment was never "independently" nor "explicitly" adjudicated in the Bankruptcy Court, plaintiff also asserts "this case began with a balloon payment dispute and a sum of $375,690.71 imposed by . . . defendant under a 2016 Loan Modification Agreement. While the balloon payment was an essential issue, . . . defendant has introduced incomplete documents that have altered the trajectory of his case." . . .

The [c]ourt finds that, in this matter, plaintiff is seeking to improperly relitigate the terms of the loan modification which includes the balloon payment. Based upon a review of the record, it is clear that the modification agreement which included the balloon payment required by the modification agreement at issue here was . . . before and approved by the Bankruptcy Court. Despite his voluminous opposition and cross-motion, plaintiff has failed to distinguish the previous actions from his current suit nor identify how the previous actions between those parties including

6

Deutsche Bank as trustee standing to enforce the terms of the various loan documents against plaintiff have not provided plaintiff the opportunity to litigate this matter.

The [c]ourt finds In re Mullarkey[1] inapplicable to this matter as the loan modification agreement which included the balloon payment at issue herein was already adjudicated in the Bankruptcy action and does not involve a distinct contractual dispute.

Similar to Giordano[2], plaintiff here was aware of the loan modification agreement as part of his reorganization plan at the time the Bankruptcy Court confirmed same. In the Chapter 13 Bankruptcy cont[r]acts "[t]he provisions of a confirmed plan bind the debtor and each creditor[,] whether or not the claim of such creditor is provided for by the plan[,] and whether or not such creditor has objected to[,] and has accepted[,] . . . or [has] rejected a plan." 11 U.S.C. § 1327. See also In re Szostek, 886 F.2d 1405, 1409 (3d Cir. 1989).

The effect of confirmation [i]s res judicata with respect to all issues that were or could have been litigated at or before the hearing or confirmation. . . .

As such, plaintiff is precluded from raising the balloon payment issue in this litigation. Based on the foregoing, the doctrine of res judicata precludes the present lawsuit.

[(Citations reformatted).]

---

1  In re Mullarkey, 536 F.3d 215, 227 (3d Cir. 2008).

2  Giordano v. Saxon Mortg. Servs., Inc., No. 12-7937, 2013 WL 12158378 (D.N.J. Oct. 31, 2013).

A-2669-24

In considering the applicability of the doctrine of collateral estoppel, the court stated:

> Here, plaintiff continues to assert that there are issues between the parties regarding the 2016 Loan Modification Agreement and the assignment of mortgage. However, . . . the various actions between the same parties are the same as those addressed before the Bankruptcy Court. The Bankruptcy Court decided the issue of the loan modification on the merits when it approved plaintiff's bankruptcy plan and the subject of the previous actions between these two parties included the validity of the mortgage. . . .
>
> As such, collateral estoppel also acts to bar plaintiff's claim herein. Based on the foregoing, defendant's [m]otion for [s]ummary [j]udgment is granted and plaintiff's cross [m]otion for [s]ummary [j]udment is denied.

The court properly granted summary judgment to defendant on the grounds of res judicata.

Whether an action is barred by the doctrine of res judicata "is a question of law 'to be determined by a judge in the second proceeding after weighing the appropriate factors bearing upon the issue.'" Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000) (quoting Colucci v. Thomas Nicol Asphalt Co., 194 N.J. Super. 510, 518 (App. Div. 1984)).

The doctrine of res judicata bars "relitigation of claims or issues that have already been adjudicated" and "provides that a cause of action between parties

8

that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498, 505 (1991). The doctrine fosters "the important policy goals of 'finality and repose; prevention of needless litigation; avoidance of duplication; reduction of unnecessary burdens of time and expenses; elimination of conflicts, confusion and uncertainty; and basic fairness,'" First Union National Bank v. Penn Salem Marina, Inc., 190 N.J. 342, 352 (2007) (quoting City of Hackensack v. Winner, 82 N.J. 1, 32-33 (1980)), and "maintain[s] judicial integrity by minimizing the possibility of inconsistent decisions regarding the same matter." Velasquez, 123 N.J. at 505.

For the doctrine of res judicata to bar an action:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [Rippon v. Smigel, 449 N.J. Super. 344, 367 (App. Div. 2017).]

See also Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989) (finding the doctrine of res judicata bars a claim where there are "substantially similar or identical causes of action and issues, parties, and relief sought" between the two

actions, and a final judgment has been entered in the earlier action by a court of competent jurisdiction). The doctrine applies "not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991).

The trial court properly considered each element of the res judicata doctrine and correctly found it barred plaintiff's claims here.

In appealing from the trial court's denial of his motion for reconsideration, plaintiff renews his arguments regarding the grant of summary judgment.

In its order denying reconsideration, the court stated:

> In reviewing its [o]pinion, the [c]ourt concludes that [p]laintiff's assertion that the [c]ourt failed to consider procedural deficiencies, lack of discovery, and newly discovered evidence is unsupported by the record. The [c]ourt determined that as a matter of law, the doctrine of res judicata precluded the lawsuit. . . .
>
> . . . .
>
> In this instant motion for reconsideration, [p]laintiff asserts [d]efendant failed to raise res judicata as a defense in its summary judgment motion, yet the [c]ourt allowed it to be introduced for the first time at oral argument on January 17, 2025. However, the [c]ourt granted the parties additional time to further brief the issues as to res judicata and heard a second oral argument on January 31, 2025, before entering an

[o]rder granting [d]efendant's motion for summary judgment.

. . . .

Plaintiff continues to assert that no discovery has been completed, and [d]efendant[] failed to include a statement of undisputed material facts to its [m]otion for [s]ummary [j]udgment therefore the [c]ourt's application of res judicata was improper. The [c]ourt considered at length the various previous actions involving the parties, whether the matters included the same claims and there was a fair opportunity to raise claims as to whether final judgment was issued by a court of competent jurisdiction. The [c]ourt held the previous actions were litigated to conclusion in favor of [d]efendant and [p]laintiff is seeking to improperly re-litigate the terms of the loan modification which includes the balloon payment. Plaintiff is precluded from raising the balloon payment issue as a matter of law and [p]laintiff's attempt to assert otherwise is merely an attempt to get another bite at the proverbial apple. . . .

Based on the foregoing, [p]laintiff's motion for reconsideration is hereby denied.

We are satisfied the court did not abuse its discretion in denying the reconsideration motion. See Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) ("Motions for reconsideration are granted only under very narrow circumstances."). Plaintiff has not demonstrated that the trial court based its decision upon a palpably incorrect or irrational basis, nor has plaintiff shown that the court failed to consider the significance of probative evidence.

11

R. 4:49-2; Fusco, 349 N.J. Super. at 462 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

To the extent we have not specifically addressed any remaining contentions raised by plaintiff, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

A-2669-24